UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.  3:17-cr-00196-JBA-1

MOHAMED H. ABDI

ENDORSEMENT ORDER

After Defendant pled guilty to Count 1 of the Indictment, the Court sentenced him to a term of imprisonment of 135 months, to be followed by a 60-month term of supervised release, and judgment was filed on July 5, 2018. (Criminal Judgment [Doc. # 35].) Defendant did not timely file a direct appeal. *See* Fed. R. App. Pro. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.")

In a letter-motion signed December 19, 2018 and filed on January 2, 2019, Defendant requested that the Court provide transcripts of his change of plea and sentencing hearings, to assist him in preparing his "appeal on several grounds[.]" ([Doc. # 39].) Because the time to directly appeal his sentence had passed, the Court construed Defendant's referenced "appeal" to mean an anticipated collateral attack on his conviction or sentence pursuant to 28 U.S.C. § 2255 and on April 3, 2019 denied the motion as premature in light of Defendant's failure to file a 2255 petition. (April 3, 2019 Endorsement Order [Doc. # 40].) As that Order noted, under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money

appropriated for that purpose *if* the trial judge or a circuit judge certifies that the suit or appeal is not frivolous *and* that the transcript is needed to decide the issue presented by the suit or appeal."

*Id.* (quoting 28 U.S.C. § 753(f)) (internal quotation marks omitted) (emphases added).

Defendant did not, however, file a 2255 petition and instead in a motion filed May 13, 2019 renewed his already-denied request for sentencing transcripts without charge. ([Doc. # 41].) The Court now denies this motion for the same reason it denied the previous request. The Court notes that a "1-year period of limitation" applies to 2255 petitions, which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut: August 7, 2019